ALD-102                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3087
_____

EMILE J. DOMINIQUE, IV,
Appellant

v.

UNITED STATES DEPARTMENT OF DEFENSE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-05752)
District Judge:  Honorable John M. Younge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 13, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: March 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court dismissed Emile J. Dominique IV's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm.

Dominique's complaint asserts various federal constitutional claims against the United States Department of Defense (DOD) and seeks $40 trillion in compensatory and punitive damages. The complaint alleges that the DOD engaged in targeted, continuous, publicly broadcasted surveillance of Dominique, who claims to be the Messiah. The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed it with prejudice as factually frivolous. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court's dismissal of Dominique's complaint as frivolous. "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992). The complaint relies on a clearly baseless or delusional factual scenario, alleging that the DOD placed Dominique "on live TV[] that anyone could access" and allowed the public to watch Dominique's everyday activities, all in an effort "to ensure that [C]hristianity[] gets

2

wiped out as a whole." Complaint at 6. The District Court thus did not err in dismissing these claims as frivolous.

Given the nature of Dominique's filings in the District Court and in this Court, we conclude that providing leave to amend the complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will summarily affirm the District Court's judgment.